Williams, J.
The appeal taken by the plaintiff in error was, as is authorized by section 4463, of the ReUsed Statutes, from that part of the order of the county commissioners by which it Avas determined that the proposed ditch aaJH be conducive to the public health, convenience or welfare, and that the plaintiff in error was not entitled to compensation for land appropriated, nor damages claimed to property affected by the improvement. The verdict and judgment in the probate court sustained the determination of the commissioners in these respects, and the errors assigned here relate to the action of the court and jury in the trial of these questions.
One contention is, that the court, upon the evidence introduced, should have held, and so directed the jury, that the ditch would be a mere private advantage to certain property owners, and not. of such public utility as is required by the law to authorize its establishment. The law undoubtedly requires something more than mere private and individual advantage to sustain an improvement of this nature. It must be a public improvement, in the sense that there is a public benefit resulting therefrom. Rut, it need not be a general public benefit. It is sufficient for that purpose if it be conducive to the public health, convenience, or welfare of the neighborhood through which it is con *28 structed. Chesbrough v. Commissioners, 37 Ohio St., 508. We have examined the evidence in the record sufficiently to satisfy us that it strongly tends to prove' that the ditch will be of considerable public utility,, and could not properly have been withdrawn from the' consideration of the jury. It appears that the ditch-, is something over two miles in length, passing through, a section of country in need of the drainage it will' furnish; that it will contribute materially to the drainage of three or more public roads which it crosses, and to the drainage of the public school grounds near-which it passes; and, that the present drainage is inadequate for each of those purposes. Besides, the jury were entitled to consider as evidence on this subject, the facts brought to their knowledge from their actual view of the premises. Williams v. Lockoman, 46 Ohio St., 416. The court charged the jury on this subject as. follows :‘Tt is the public health,convenience or welfare-of the community to be affected by the proposed ditch, and not that of the public at large, that is to be regarded in the construction of a ditch. Hence, if it is apparent to you that the proposed ditch will be conducive to the public health, convenience or welfare of the neighborhood through which it will pass, the commissioners are authorized to construct the same,, and in that case, as to this first proposition, your verdict will be for the establishment of the ditch. It is not enough, however, to find that the ditch would be a great convenience, but before you can find in favor of the ditch, you must find that it would be conducive to the public health, convenience or welfare, of the neighborhood through which the ditch passes. The mere fact that the ditch in question might enable the petitioners to raise more corn or other grain, does not authorize you to return a verdict in favor of *29 the establishment of the ditch. The fact that the ditch in question might enable the petitioner to raise larger crops is a fact going to show that he would be privately benefited, but it requires more than this to authorize you to find a verdict showing that it would be conducive to public health, convenience or welfare, to locate the ditch. The prosperity of each individual conduces, in a certain sense, to the public welfare, but the fact is not sufficient reason for taking other private property to increase the prosperity of individual men. The draining of marshes and ponds may be for the promotion of public health, and so become a public object; but the draining of farms to render them more productive, is not such an object. If you find that the petitioners, and the appellant, the Lake Erie & Western Railroad, are the only persons or corporations in any way interested in the location of the ditch, and that it would not be conducive to public health, convenience or welfare, to locate the ditch in question, then and in that case you should return your verdict against the proposed ditch. If you find from the evidence that a public ditch has been heretofore established, and constructed along the route of the proposed improvement, and that such ditch, if properly cleaned out would afford sufficient drainage for the lots and lands sought to be drained by the proposed ditch, then your verdict should be against the establishment of the proposed improvement.” The charge is a sufficiently clear and comprehensive statement of the law applicable to this branch of the case, and covers, substantially, all the instructions requested by the plaintiff in ' error. • This question was therefore properly left to the determination of the jury.
*30 The further and principal contention of the plaintiff in error is, that it was denied compensation for its land taken for the ditch, and damages to its other property affected by the improvement. The charge of the court on the subject of compensation for land taken seems unobjectionable. It is as follows: “If you find from the evidence that in the construction of the proposed ditch, any land belonging to the-appellant, the Lake Erie & Western Railroad Company, will be appropriated to the public use, it will be your duty to determine the value of the land so appropriated, giving due consideration to the location of the land, and the amount of land that would lie appropriated, and to return the-amount in your verdict as compensation due the appellant for the land so appropriated.” Notwithstanding this instruction, the jury failed to award the plaintiff in error any amount as compensation for its land over or through which the ditch was. to be located and constructed. This, apparently, resulted from the theory on which that action of the-jury is sought to be justified in the brief of counsel for the defendant in error, which is that, as the ditch when constructed across the railroad right of way will consist only of a pipe or tile placed entirely beneath the surface, there will be no appropriation of' the company’s land, and therefore no compensation should be allowed the company. That position, we-think, cannot be maintained. It seems evident, that, any direct encroachment on land, which subjects it to a public use that excludes or restricts the dominion and control of the owner over it, is a taking of his. property for a public use, within the meaning of that, provision of the constitution which guarantees to the owner a right of compensation without deduction for- *31 benefits. By tbe location and construction of this ditch the property of the railroad company will be subjected to a perpetual easement, with which it cannot interfere, however much it may desire, or be to its interest, to have it removed or changed; and,, the company is deprived, in some measure, of that absolute right of use and disposition of its land which is incident to the ownership of property. The value of the interest thus appropriated may be very small, and the amount of the compensation difficult of proper-measurement. There is, nevertheless, an appropriation of the company’s property, though to a very limited extent, for which it is entitled to some compensation, however small the amount may be.
With respect to the damages claimed by the company to its other property, the jury was instructed that: “If you find from the evidence that any property owned by the appellant would be damaged by the construction of the proposed ditch, it will be your duty to determine the amount of damages which the appellant would suffer by reason of the construction of such ditch, and to return the amount in your verdict as so much due the appellant for such damages.” We find no error in this charge. It is a correct statement of a general rule. There was evidence, however, tending to show that in constructing the ditch across the roadway in use by the railroad company, it would be necessary to excavate under the track and make provision for supporting the track while the ditch was in process of construction, which would result in some expense to tbe company, and inconvenience in the use of the road until the work should be completed ; and the company requested an instruction applicable to that feature of the case to the effect that, in determining its damages the jury should take into *32 consideration any necessary expense required in securing the roadway so that the construction of the ditch thereunder should not interfere with the use of tiie railroad at that place. This instruction was refused, erroneously, we think, and for that error, and the one already referred to with regard to compensation for the land appropriated, the judgments beloAY should be reversed, and the cause remanded to the probate court for a new trial. We find no other error in the record.

Judgment accordingly.